UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE V. ZAHN, AN INDIVIDUAL ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> T. B. PENICK & SONS, INC., A ) <br> CALIFORNIA CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Civil No. 11cv1322 (AJB) <br><br> ORDER GRANTING MOTION <br> TO REMAND AND SETTING <br> HEARING FOR DETERMINATION <br> OF FEE AWARD <br><br> [Doc. No. 6] |

The Defendant removed this case from the Superior Court of California, County of San Diego to this Court on June 15, 2011. On July 15, 2011, Plaintiff filed a motion to remand to state court, [Doc. No. 6], on the grounds that the Defendant failed to file the Notice of Removal within 30 days from receipt of complaint as required by 28 U.S.C. § 1446. The Defendant filed an opposition to the motion, [Doc. No. 7], and Plaintiff filed a reply, [Doc. No. 8]. The hearing set for October 28, 2011, at 1:30pm is hereby vacated as this motion is appropriate for submission on the papers, without oral argument pursuant to Civil Local Rule 7.1.d.1. Based upon the moving papers and for the reasons set forth below, the Plaintiff's motion to remand is hereby GRANTED.

*I. Background*

The Plaintiff filed a complaint in San Diego Superior Court against Defendant on May 5, 2011, alleging six causes of action: 1) Failure to Pay Overtime Wages (Cal. Labor Code § 510, § 1194, § 1198 et seq.); 2) Unjust Enrichment; 3) Conversion; 4) Breach of Contract and the Covenant of Good Faith

and Fair Dealing; 5) Fraudulent Misrepresentation; and 6) Unfair Competition (Business and Professional Code § 17200).

The Plaintiff used an attorney service, Quick Legal Service, and its Registered Process Server, Michael Smith (hereinafter "Smith"), to file and serve the summons and complaint upon Defendant Penick. Pursuant to the information provided on the Secretary of State's website, the designated agent for service of process for Penick was John T. Boyd,. Smith attempted to serve Boyd on May 5, 2011, at Penick's Offices located at 15435 Innovation Drive, San Diego, California 92128, but Boyd was not in the office. Smith states that he informed Boyd's secretary that he was there to serve a summons and complaint. The parties disagree on what happened next. Smith claims that Shadow Souther, the Human Resources and Recruiting Manager for Defendant, assured him that he was authorized to accept process in Boyd's absence. Souther claims that he was not told that he was being served and believed he was merely accepting an opaque package from a courier. Souther's declaration states that he is authorized to accept delivery of packages and mail items, but has never been authorized to accept service of process.

The Defendant does not dispute that they made no objection to the manner in which they were served until the filing of their notice of removal on June 15, 2011. Defendant's communications and actions confirm that the Defendant believed they were served on May 5, 2011 and their answer was due thirty days later on June 5, 2011. On May 31, 2011, Grace Horoupian, Defendant's attorney, contacted Plaintiff's counsel Brahmbhatt and asked for an extension until June 15, 2011 to answer the complaint. Brambhatt agreed, and was then contacted on June 10, 2011 by Joel Glaser, who identified himself as Defendant's new attorney. The parties discussed the prospect of settling the matter between June 10 and 14, 2011, but were unsuccessful and agreed that Defendant's answer would be filed by June 17, 2011. On June 16, 2011 Glaser's assistant contacted Brahmbhatt to request another extension until July 6, 2011. Brahmbhatt consented to the extension, but requested the extension be documented in writing. Brahmbhatt states that he was unaware Defendant was attempting to remove the case until June 20, 2011, when Defendant sent an email confirming the extension and attached a written stipulation to consent to federal jurisdiction. Brahmbhatt received the Notice of Removal on June 21, 2011 and promptly informed Defendant that he would not consent to federal jurisdiction.

Plaintiff filed the motion to remand to state court on July 15, 2011, arguing that Defendant's Notice of Removal was untimely per 28 U.S.C. § 1446(b). Defendants responded on August 10, 2011, arguing that the notice was timely, because the complaint was improperly served on May 5, 2011, so the thirty day period set forth in section 1446(b) had yet to begin. The Plaintiff filed a reply on August 19, 2011, arguing that regardless of whether service was initially proper, Defendant's behavior between May 6, 2011 and June 21, 2011, created ostensible authority in Mr. Souther to act as its agent.

*II. Legal Standard*

28 U.S.C. § 1446 allows a defendant to remove any civil action by filing a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ., or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter." 28 U.S.C. § 1446(b). The 30 day period is triggered by either the simultaneous service of the summons and complaint or the receipt of the complaint at some point after service of the summons, but not by the "mere receipt of the complaint unattended by any formal service." *Murphy Bros, Inc. v. Michetti Pipe Stinging, Inc.*, 526 U.S. 344, 347 (1999).[1] Thus, it is not enough for Plaintiff to show that Defendant actually received a copy of the complaint by a particular date. Plaintiff must demonstrate compliance with the requirements of service. Service can be made pursuant to the law of the state in which the district court is located, the law of the state in which service is effected, or under federal law. Fed.R.Civ.P. 4(h)(1). Finally, although the plaintiff has the burden of establishing the facts requisite to effective service,[2] the federal removal statutes are strictly construed against removal jurisdiction. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). Any doubt should be resolved in favor of remanding a case to state court. *See McNally Enterprises, Inc. v. McNally*, 107 F.Supp.2d 1223, 1226 (C.D. Cal. 2000).

---

[1] Prior to the *Murphy* decision, California courts had held that actual receipt of the complaint triggered the removal period. *See, e.g., Spielman v. Standard Insurance Co.*, 932 F. Supp 246 (N.D.Cal.1996); *Lofstom v. Dennis*, 829 F.Supp. 1194 (N.D.Cal.1993); *see also Silverwood Estates Development Ltd. Partnership v. Adcock*, 793 F.Supp. 226 (N.D.Cal.1991) (finding receipt of preservice draft copy sufficient to trigger removal period).

[2] *See* Cal. Civ. Proc. § 410.50; *Dill v. Berquist Const. Co.*, 24 Cal.App. 4th 1426, 1439-40 (1994).

*III. Discussion*

Plaintiff argues that this case should be remanded to state court because Defendant Penick's Notice of Removal was untimely. 28 U.S.C. § 1446 allows a defendant to remove any civil action by filing a notice of removal within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter. 28 U.S.C. § 1446(b).

Pursuant to California Code of Civil Procedure § 446.10, a summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:

> (a) To the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable).
>
> (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

A plaintiff may serve a corporation by delivering a copy of the summons and complaint to the person designated as an agent for service of process or to the corporation's president, chief executive officer, vice president, chief financial officer, or a general manager or other head of the corporation. See Fed. R. Civ. P. 4(h); *accord* Cal. Code. Civ. P. § 416.10. A "general manager" of a corporation is one who has "general direction and control of the business . . . [who] may do everything which the corporation may do in the transaction of its business . . . as distinguished from one who has management of only a particular branch of the business." *Jennings v. Bimbo Bakaries*, U.S.A. 2008 U.S. Dist. LEXIS 13436, 3-4 (S.D. Cal. Feb 21, 2008).

In order for the May 5, 2011 service to be effective, Mr. Souther must be a person authorized by Penick to receive service of process. From the parties' declarations and affidavits, it is unclear whether Mr. Souther possessed actual authority to accept service. However, service on Mr. Souther is binding on Penick if Souther possessed ostensible authority to accept process. *See Pasadena Medi-Center Associates v. Superior Court*, 9 Cal.3d 773, 781 (1973). An agent has ostensible authority when the principal, either intentionally or by want of ordinary care, causes or allows a third person to believe the

agent possesses such authority. Cal. Civ. Code §§ 2317, 2318; *see generally* 2 Witkin, Summary of California Law § 93 (9th ed.1987); *See Preis v. American Indemnity Co.*, 220 Cal.App.3d. 752, 761 (1990) (*citing Leavens v. Pinkham & McKevitt*, 164 Cal. 242 (1912)). When the third party relies on an agent's ostensible authority in good faith and without want of ordinary care, the principal is bound by the acts of its agent. Cal. Civ. § 2334. The act or declaration of the agent alone can never establish ostensible authority; there must be some conduct on the part of the alleged principal. *See Kaplan v. Coldwell Banker Residential Affiliates, Inc.*, 59 Cal. App. 4th 741, 747 (1997); *Associated Creditor's Agency v. Davis*, 13 Cal.3d 374, 399 (1975); *Hill v. Citizens Nat. Trust & Savings Bank*, 9 Cal.2d 172, 175 (1937).

Ostensible authority can arise when a principal's silence about its agent's authority causes a third party to believe the agent possesses actual authority. Penick knew the Plaintiff served a copy of the summons and complaint on Mr. Souther on May 5, 2011, with the understanding that Mr. Souther was authorized to accept service. If Mr. Souther did not have authority to accept service, the reasonable course of action would have been for Penick to promptly inform Plaintiff, so that Plaintiff could serve Defendant directly. Defendant's silence caused the Plaintiff to believe that Mr. Souther was an agent authorized to accept service, and Plaintiff reasonably relied on this belief. The Court finds there is sufficient evidence that Mr. Souther had ostensible authority to accept service of process on May 5, 2011. Based upon the foregoing, the Court finds that service on May 5, 2011 was proper.

Pursuant to 28 U.S.C. § 1446(b), Defendant's 30 day period to file a notice of removal expired on June 5, 2011. The Court finds Defendant's filing of the notice of removal on June 15, 2011 to be untimely and the Defendant's claims regarding improper service to be in bad faith. Since federal removal statutes are strictly construed against removal jurisdiction,[3] any questions regarding removal are to be resolved in favor of remanding the case to state court.[4] Based upon the forgoing, the Plaintiff's motion to remand in hereby GRANTED and temporarily STAYED so that the Court may address the Plaintiff's request for attorney fees pursuant to 28 U.S.C. §1447(c).

///

---

[3] *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996).

[4] *See McNally Enterprises, Inc. v. McNally*, 107 F.Supp.2d 1223, 1226 (C.D.Cal.2000).


*IV. Plaintiff's Request for Attorney Fees and Costs*

Pursuant to 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." By adding attorney's fees to costs, which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith.[5] Congress has unambiguously left the award of fees to the discretion of the district court. However, attorney's fees in removal cases are not to be awarded as a matter of course: "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704, 708, 163 L.Ed.2d 547 (2005).

A defendant's untimeliness in filing his notice of removal is "precisely the type of removal defect contemplated by § 1447(c)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (discussing non-reviewability provision). If objectively unreasonable, an untimely removal may give rise to an award of fees and costs under § 1447(c). *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1254 (9th Cir.2006).

The Plaintiff seeks $4007.50 for 11.45 hours preparing and filing the motion to remand and additional $3,762.50 for 10.75 hours spent researching, drafting and responding to Defendants' opposition and evidentiary objections, for a total of $7,770.00.

Given the untimely nature of the Defendant's notice of removal and the bad faith assertions of improper service, the Court hereby finds an award of fees pursuant to 28 U.S.C. §1447(c) to be appropriate.

///

---

[5] *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992) (citing *Morgan Guar. Trust Co. v. Repub. of Palau*, 971 F.2d 917 (2nd Cir.1992)) (concurring with the Second Circuit holding that bad faith is not necessary for an award of attorney's fees after the 1988 amendment).
   In Morgan, the court held:
   Whatever argument might have been made for a bad faith removal requirement under the old statute is mooted, in our view, by the amended version of section 1447(c) applicable to costs and attorneys fees.
   The amendment did not add the phrase "bad faith" to the statute, but rather deleted the requirement that the case have been "removed improvidently." Indeed, the statute as amended makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction. The amendment also added to the statute an explicit reference to attorneys fees as part of the costs that may be awarded. We must, at least in the absence of strong and convincing evidence to the contrary, consider such sharply different wording to have been a deliberate choice by Congress. *Id*. at 923.

*V. Conclusion*

For the reasons set forth above, the Court hereby GRANTS Plaintiff's motion to remand, [Doc. No. 6], but stays remand of this case to state court pending resolution of the Plaintiff's request for attorney fees. While Plaintiff's counsel has submitted the hours spent, and the fees billed, he has not filed anything in support of the hourly rate in terms of experience and qualifications, As a result plaintiff is ordered to supplement his fee declaration on or before *November 3, 2011*. The Defendant will file their response to the amount of Plaintiff's request for fees on or before *November 10, 2011*. The Plaintiff will file their reply on or before *November 17, 2011*. A hearing is hereby set for Monday, *December 5, 2011* at 1:30 p.m. before Judge Battaglia in Courtroom 12.

IT IS SO ORDERED.

DATED: October 27, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge